IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LEE A. ISRAEL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No.14-1315-SLR |
| | ) |
| WARDEN DAVID PIERCE, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

1. **Introduction.** Plaintiff Lee A. Israel ("plaintiff"), an inmate at the James T. Vaughn Correctional Center ("VCC"), proceeds pro se and has been granted leave to proceed in forma pauperis. He filed this complaint pursuant to 42 U.S.C. § 1983 claiming violations of his constitutional rights.[1] (D.I. 3)

2. **Standard of Review.** A federal court may properly dismiss an action sua sponte under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." Ball v. Famiglio, 726 F.3d 448, 452 (3d Cir. 2013). See also 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The court must accept all factual allegations in a

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

complaint as true and take them in the light most favorable to a pro se plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because plaintiff proceeds pro se, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

3. An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995).

4. The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of §§ 1915 and 1915A, the court must grant plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

5. A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*,

2

550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. When determining whether dismissal is appropriate, the court must take three steps: "(1) identify[] the elements of the claim, (2) review[] the complaint to strike conclusory allegations, and then (3) look[] at the well-pleaded components of the complaint and evaluat[e] whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

6. **Discussion**. Prior to September 6, 2013, plaintiff had been the lead commissary worker assigned to the W-Building. Plaintiff had held the position for nearly four years. In addition, plaintiff had a single-cell assignment. On September 6th, plaintiff was removed from his work detail by defendant commissary supervisor Officer Nasir Baqi ("Baqi") at the request of defendant commissary administrator Carroll Powell ("Powell"). Defendant Ronald Holcome ("Holcome") is the lead commissary supervisor who handles the hiring and firing of inmates through Powell's office.

7. Plaintiff was not told why he was removed from his work detail, and he was sent to his building. On September 8, 2013, plaintiff submitted a grievance complaining that he was unfairly removed from his job. On September 10, 2013, plaintiff met with staff lieutenant Akinbayu and was told that he had been suspended from his job

3

pending an investigation. Akinbayu was unable to tell plaintiff anything about the investigation, and plaintiff was not issued a disciplinary write-up for any rule infraction. The next day, plaintiff sent a letter of complaint to Delaware Department of Correction ("DOC") Commissioner Robert M. Coupe. On September 12, 2013, plaintiff's single cell privilege was revoked and he was transferred to a double cell. Plaintiff explains this happens when an inmate is fired from his job. Plaintiff's grievance was later returned as unprocessed stating, "Delaware is an at will state and working is a privilege."

8. On December 6, 2013, Bureau Chief Perry Phelps notified plaintiff that he had reviewed his file and that plaintiff was "removed from work assignment pending an investigation. The administration did not choose to return you to that employment; however, [it] kept you classified in the work pool eligible to work elsewhere." In May 2014, plaintiff was told by a work pool coordinator that the administration had cleared him to return to his job, but that Holcombe was against plaintiff's return. Plaintiff believes that he was covertly retaliated against by Holcome.

9. Plaintiff alleges that Pierce and Powell "blindly support" Holcome's decisions even when his decisions are unjustified. Plaintiff further alleges that his removal from his position was retaliatory punishment in violation of the First Amendment to the United States Constitution. Plaintiff seeks compensatory damages and injunctive relief, including the return to a single cell housing assignment.

10. **Jobs**. Plaintiff seeks compensatory damages because he was removed from his position in the commissary. Prisoners, however, have no entitlement to a specific job, or even to any job. *James v. Quinlan*, 866 F.2d 627, 630 (3d Cir. 1989). Indeed, it well established that an inmate's expectation of keeping a specific prison job,

4

or any job, does not implicate a property interest under the fourteenth amendment. *Id.*; *see also Brian v. Werner,* 516 F.2d 233, 240 (3d Cir.1975) (inmates expectation of keeping job is not a property interest entitled to due process protection). Accordingly, the court will dismiss the claim as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(B)(1) to the extent plaintiff raises the claim against all defendants.

11. **Conclusion**. For the above reasons, the court will dismiss as frivolous plaintiff's claim that he was wrongfully removed from his job pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1). Powell and Baqi will be dismissed as defendants. Plaintiff has alleged what appear to be cognizable retaliation claims against Pierace and Holcome. He will be allowed to proceed with the retaliation claims against Pierce and Holcome. A separate order shall issue.

UNITED STATES DISTRICT JUDGE

Date: January 26, 2015